IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS R. WILLIAMS,             No. CIV S-04-1343-FCD-CMK-P

    Plaintiff,

  vs.                                              FINDINGS AND RECOMMENDATIONS

DAVID TRISTAN, et al.,

    Defendants.

                          /

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to dismiss (Doc. 26) for failure to state a claim upon which relief can be granted.

**I. BACKGROUND**

    **A.**    **Plaintiff's Allegations**

        This action proceeds on plaintiff's complaint, filed on July 6, 2004.  Plaintiff states that he had a subscription to Playboy magazine through November 2002 when defendants banned receipt of material displaying frontal nudity pursuant to Administrative Bulletin ("AB") 02/04.  Plaintiff claims that, on November 27, 2002, defendants refused to deliver the August

1

2002 issue of Playboy due to its display of frontal nudity.  According to plaintiff, in January 2003 he was placed in administrative segregation.  Upon his placement, eight pornographic magazines were confiscated as contraband under AB 02/04.  Plaintiff also states that other items of personal property – an address book, stamps, clothing, and photographs – were not accounted for on the inventory of his belongings.  Plaintiff states that, because not all of his personal items were listed on the inventory sheet, he refused to sign it. During the course of the administrative grievance process, plaintiff was informed that all his items had been properly inventoried and that, upon his release from administrative segregation, he would be allowed to view his personal items, which were then in storage.

Plaintiff asserts that the foregoing violated his rights under the First, Fifth, and Fourteenth Amendments.

### B.  Procedural History

On April 28, 2005, judgment was entered dismissing this action in its entirety for failure to exhaust administrative remedies and plaintiff appealed.  On April 17, 2006, the Ninth Circuit Court of Appeals issued an unpublished memorandum disposition affirming in part, reversing in part, and remanding for further proceedings.  Specifically, the Ninth Circuit concluded:

> The district court properly dismissed without prejudice Williams's claim relating to the confiscation of the January, February, March, April and May 2003 issues of his Playboy magazine subscription. . . .
>
> The district court erred in dismissing for failure to exhaust Williams's claims regarding the confiscation and denial of personal property including his Playboy magazines, upon his placement in administrative segregation in January 2003, and his constitutional challenge to Administrative Bulletin 02/04.  Williams exhausted all administrative remedies available to him.

Following remand, this court issued an order directing service of the complaint by the United States Marshal.  All defendants have been served.

///

## II.  STANDARD FOR MOTION TO DISMISS

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In considering a motion to dismiss under this standard, the court must accept all allegations of material fact as true and must construe them in the light most favorable to the plaintiff.  See Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976); see also Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

To determine whether a complaint states a claim upon which relief can be granted, the court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily lies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994), except prison regulations, see Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).

Finally, leave to amend a deficient complaint must be granted ". . . [u]nless it is absolutely clear that no amendment can cure the defects."  Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III.  DISCUSSION

Plaintiff raises two claims: (1) defendants violated his Fifth Amendment right to due process when they seized his personal property; and (2) AB 02/04 unconstitutionally infringes upon plaintiff's First Amendment right to free speech.[1]  Defendants argue that plaintiff fails to state a claim under either amendment.

**A.     Free Speech Claim**

Plaintiff claims that AB 02/04 violates the First Amendment.  A prison regulation which infringes a First Amendment right "is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 79 (1987); see also Mauro v. Arpaio, 188 F.3d 1054, 1058 (9th Cir. 1999) (en banc) (upholding ban on material depicting frontal nudity).  In making this determination, the court should consider the following factors: (1) whether there is a valid, rational connection between the regulation and the interest used to justify the regulation; (2) whether prisoners retain alternative means of exercising the right at issue; (3) the impact the requested accommodation will have on inmates, prison staff, and prison resources generally; and (4) whether the prisoner has identified easy alternatives to the regulation which could be implemented at a minimal cost to legitimate penological interests.  See Turner, 482 U.S. at 89-91; Mauro; 188 F.3d at 1058-59.

When considering prison regulations on publications, "[s]ome content regulation is permissible in the prison context." McCabe v. Arave, 827 F.2d 634, 638 (9th Cir. 1987); Mauro, 188 F.3d at 1059.  In light of concerns of sexual harassment of prison guards, prison officials may prohibit receipt of sexually explicit materials. See Mauro, 188 F.3d at 1060; see also Frost v. Symington, 197 F.3d 348, 357 (9th Cir. 1999).

---

[1] The Ninth Circuit's remand, which stated that plaintiff had exhausted his "claims regarding the confiscation and denial of personal property including his Playboy magazines, upon his placement in administrative segregation in January 2003, and his constitutional challenge to Administrative Bulletin 02/04," recognized these separate claims.  The court, therefore, finds it puzzling that defendants' motion addresses only the First Amendment claim.  It is not until their reply brief that they address the Fifth Amendment due process claim.

1   In Mauro, the Ninth Circuit considered a ban on all sexually explicit material.
See Mauro, 188 F.3d at 1057.  The ban included materials that show frontal nudity, including
magazines.  See id.  Applying the Turner factors, the en banc court concluded that the ban did
not violate the First Amendment.  See id. at 1063.  Judge Schroeder, joined by Judges B.
Fletcher and Thomas, dissented, concluding instead that the ban is overbroad and not rationally
related to any penological interest because it encompasses "publications ranging from National
Geographic to art books displaying Michelangelo's David" but at the same time "allows the
Sports Illustrated swimsuit issue and lingerie catalogs.  See id. (Schroeder, J, dissenting).

The regulation at issue in this case – AB 02/04 – defines "sexually explicit
material" as "material that shows the frontal nudity of either gender, including the exposed
female breast(s) and/or the genitalia of either gender."  It also expressly allows "educational,
medical, scientific, or artistic materials" such as books or guides and "National Geographic, or
artistic reference material depicting historical, modern, and/or post modern era art . . ."  Cal.
Code Regs. tit. 15, § 3006.  The court finds that the California Regulation at issue here cannot be
distinguished for First Amendment purposes from the ban at issue in Mauro.  In fact, given the
materials expressly allowed under the California policy, the problems expressed by the dissent in
Mauro are not present in this case.

Therefore, following Mauro, the court concludes that plaintiff cannot state a First
Amendment claim based on AB 02/04.  Because plaintiff's claim is foreclosed as a matter of
law, it should be dismissed without leave to amend and with prejudice.

**B.    Due Process Claim**

Plaintiff claims that defendants violated his due process rights when they
deprived him of his personal property upon his placement in administrative segregation.  The
Due Process Clause protects prisoners from being deprived of life, liberty, or property without
due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a claim of
deprivation of due process, a plaintiff must allege the existence of a liberty or property interest

5

for which the protection is sought. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). Due process protects against the deprivation of property where there is a legitimate claim of entitlement to the property. See Bd. of Regents, 408 U.S. at 577. Protected property interests are created, and their dimensions are defined, by existing rules that stem from an independent source – such as state law – and which secure certain benefits and support claims of entitlement to those benefits. See id.

Where a prisoner alleges the deprivation of a liberty or property interest caused by the unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984). A state's post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983. See id. at 531 n.11.

At issue are two categories of property – plaintiff's eight pornographic magazines and plaintiff's non-pornographic property (the address book, stamps, etc.). As to the pornographic magazines, plaintiff did not have any right to that property for the reasons discussed above. Therefore, deprivation of those materials cannot violate due process. Turning to the non-pornographic items, it is undisputed that plaintiff has a common law interest in possession of his property. Plaintiff has alleged that defendants deprived him of this property when he was placed in administrative segregation. Plaintiff cannot, however, allege that the deprivation was not accompanied by due process. Specifically, plaintiff states in his complaint and other pleadings on file that he was given an inventory sheet listing the materials removed from his cell upon his placement in administrative segregation, but that he refused to sign it. He also admits that he was provided the opportunity to view his property to determine exactly what was missing and to select an appropriate disposition for contraband property. It is thus clear, based on plaintiff's allegations, that he was provided with both notice and an opportunity to be heard, which is all the procedural process plaintiff is due.

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that defendants' motion to dismiss be granted and that the Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 2, 2007.

　　　　　　　　　　　　　　　　　　　　　　　　　／s／ Craig M. Kellison
　　　　　　　　　　　　　　　　　　　　　　　　**CRAIG M. KELLISON**
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE